IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| KIMBERLY MOSER, | ) |
| | ) Case No. 4:04cv00092 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| DOMINION AUTO CENTER et al., | ) |
| | ) By: Jackson L. Kiser |
| Defendants. | ) Senior United States District Judge |
| | ) |

Before me is Defendants' Motion to Set Aside the Default Judgment [25], Defendants' Motion to Stay [26], Plaintiff's Motion to Sell the Car [31] and Plaintiff's Motion to Show Cause [34]. For the reasons below, I hereby **DENY** Defendants' Motion to Set Aside the Default Judgment, **DISMISS AS MOOT** Defendants' Motion to Stay, **GRANT** Plaintiff's Motion to Sell the Car, and decline to rule on Plaintiff's Motion to Show Cause.

I. STATEMENT OF FACTS

Dominion Auto Center, Inc. ("Dominion") is a corporation engaged in the business of selling motor vehicles, and Randy Gammon ("Gammon") is the licensed motor vehicle dealer who operates Dominion.[1] Dominion purchased a 1999 Volkswagen Jetta ("Car") on November 7, 2002 from Mannheim Auto Auction. At that time, the Car had been wrecked, body parts had been replaced, and the body had been repainted. Sometime before February 7, 2003, a customer test-drove the Car and

---

[1] The Defendants in this action are Dominion and Gammon. However, "Defendants" and "Gammon" are used interchangeably in the opinion because Gammon speaks for both Dominion and himself.

1

informed Randy Gammon ("Gammon") that it was malfunctioning. Dominion took the Car to Bill Black Automotive ("BBA") for repairs. BBA determined that the transmission was malfunctioning, the keyless remote was inoperative, the steering wheel was off center, and the Car needed spark plugs and a mass inflow sensor. BBA repaired the transmission under warranty, but Dominion did not allow BBA to repair the other defective items.

On March 11, 2003, Plaintiff began negotiations to purchase the Car. At that time, she asked Gammon about the history of the Car, and Gammon disclosed that the transmission had been recently repaired. Plaintiff then asked Gammon if anything else was wrong with the Car, and he replied that nothing else was wrong with it. Plaintiff further asked whether the Car had ever been wrecked, and Gammon informed her that he had hit a curb and caused a slight dent but that the Car had not been involved in any other wreck. When Plaintiff pointed out that the keyless entry did not work and that the steering wheel was off center, Gammon responded that the remote key just needed batteries and realignment would fix the steering. On April 1, 2003, Plaintiff agreed to purchase the Car for $10,600, but after financing fell through the parties renegotiated the price of the Car to be $9,300, with financing from First State Bank.

Shortly thereafter, Plaintiff noticed several defects in the Car. The remote entry would not work. The headlight warning light, check engine light, and the door ajar lights malfunctioned. A noise emanated from the front end. The Car shifted hard. The air conditioning was not working properly. When Plaintiff began having problems with the engine, she contacted Dominion to inquire where the transmission had been fixed so she could take the Car to the same mechanic. Donna Williams, a

2

Dominion employee, then gave Plaintiff a copy of the invoice from BBA for the Car. After reading the invoice, Plaintiff learned that the Car had many more problems of which she had not been informed.

Plaintiff next made an appointment with BBA to examine the Car. BBA informed her that the previous problems still existed and that the Car needed repairs totaling $900 in parts alone. Plaintiff declined to approve the repairs and notified Gammon who told her that nothing was wrong with the Car. In subsequent confrontations between Gammon and Plaintiff, Gammon continued to deny that anything was wrong with the Car and asserted that BBA was fraudulently diagnosing problems that did not exist.

Plaintiff then had the Car examined by another mechanic. The inspection revealed that the air conditioning was "fried," the main engine cooling fan was near failure, the left front was "klunking," and the electrical system was malfunctioning. The mechanic informed her that the Car had been wrecked and opined that the electrical problems may have stemmed from the wreck. On May 13, 2003, Plaintiff delivered a notice to Defendants that she was revoking her acceptance of the Car and demanded her money back.

## II. PROCEDURAL HISTORY

Plaintiff filed a Complaint with this Court on December 17, 2004, and the Defendants failed to respond. Plaintiff filed a Motion for Default Judgment on March 29, 2005, and the Court granted the motion on April 15, 2005. Plaintiff then filed two Applications for Writ of Execution on May 1, 2005. The Writs were not executed for failure to specifically describe the goods. On May 10, Plaintiff amended her Application to specify the goods sought, and three days later the Writs were executed.

Later that day, Defendants filed a Motion to Set Aside the Default Judgment and a Motion for Stay pending the outcome of the Motion to Set Aside the Default Judgment. On May 18, Plaintiff filed a Motion to Sell the Car. On May 24, Plaintiff filed a "Motion to Show Cause" to show why Gammon should not be held in contempt.

### III. DEFENDANTS' MOTION TO SET ASIDE THE DEFAULT JUDGMENT AND TO STAY

Gammon argues that his failure to act was excusable neglect which warrants setting aside the default judgment entered against him. I disagree. In order to prevail on a motion to set aside a default judgment, a movant "must demonstrate that he has a meritorious defense *and* that arguably one of the four conditions of relief applies - mistake, inadvertence, surprise, or excusable neglect." *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973) (emphasis supplied). To establish existence of a meritorious defense in support of a motion to set aside, the movant must present or proffer some evidence, which, if believed, would permit the Court to find for the defaulting party. *Colleton Preparatory Academey, Inc. v. Beazer East, Inc.*, 223 F.R.D. 401, 406 (D.S.C. 2004) (*citing U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)).

Gammon argues that he thought that the suit in state court was still pending against him and that the Complaint in this case was just another document in the state action. He also asserts that he never received a notice of the nonsuit in the state action. But even assuming his assertions are true, his failure to respond to the Complaint is inexcusable. He was personally served with a document entitled "Complaint" which listed a different court, case number, and case title than the Motion for Judgment in the state action. Gammon and his attorney should have realized that he needed to respond to this

document.  Moreover, Gammon did not even respond to the order of this Court granting default judgment against him until a month later, when the Writs of Execution targeting his assets were executed.  Gammon has not demonstrated excusable neglect.

Gammon has also not demonstrated a meritorious defense.  Gammon claims he has a complete defense to the claim asserted against him but does not specify the defense other than to say that he has retained an expert who says that there were no material mechanical defects to the car.  That the car had no material mechanical defects may not be sufficient to defeat the fraud claim because Plaintiff asserts that Defendant made false representations as to what was "wrong with the car" *and* whether the car had been wrecked.  Furthermore, a mere claim to have hired an expert is not a showing of a meritorious defense sufficient to warrant setting aside a default judgment.  Because Defendants have failed to demonstrate excusable neglect and to proffer a meritorious defense, I **DENY** Defendants' Motion to Set Aside Default Judgment.  In addition, Defendants' Motion to Stay is **DISMISSED AS MOOT** because Defendants only requested a stay pending the decision of the motion to set aside.

### IV.    PLAINTIFF'S MOTION FOR SALE OF CAR

Plaintiff has filed a motion to sell the car because she is currently accruing interest on the loan she obtained to secure the car.  Defendants do not oppose the motion.  In order to allow Plaintiff to mitigate her damage and because Defendants have not objected, Plaintiff's motion to sell the car is **GRANTED**.

### V.    PLAINTIFF'S MOTION TO SHOW CAUSE

Plaintiff has filed a Motion to Show Cause to require Gammon to show why he should not be

held in contempt. Because neither party fully addressed this issue at oral argument, I decline to rule on the motion.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Set Aside the Default Judgment is **DENIED** and their Motion to Stay is **DISMISSED AS MOOT**. Plaintiff's Motion to Sell the Car is **GRANTED**. I decline to rule on Plaintiff's Motion to Show Cause.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 19th day of July, 2005.

s/Jackson L. Kiser
Senior United States District Judge
