IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| KIMBERLY MOSER, | ) |
| | ) Case No. 4:04CV00092 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| DOMINION AUTO CENTER, et al. | ) |
| | ) By: Jackson L. Kiser |
| Defendant. | )     Senior United States District Judge |
| | ) |
| | ) |

Before me is Kimberly Moser's ("Plaintiff") *Motion for Litigation Expenses* in which she seeks reimbursement for litigation expenses from defendants Dominion Auto Center ("Dominion") and Randy Gammon ("Gammon"). For the reasons stated below, I hereby **GRANT** Plaintiff's *Motion for Litigation Expenses*.

## I.    STATEMENT OF FACTS

Plaintiff purchased a Volkswagen Jetta from the defendant. Shortly after buying car, the Plaintiff experienced various problems with the vehicle. The Plaintiff's attempts to have the defendants remedy the problems were unsuccessful, and she filed suit in this Court setting forth several claims, one of which was a violation of the Federal Odometer Act. 49 U.S.C. §32710. The defendant was properly served with a summons and complaint but failed to respond within the allotted time. Plaintiff then moved for default judgment, which was granted in the amount of $42,151.44. The plaintiff now moves the Court for an award of attorneys' fees and costs.

## II.   Calculating An Award for Litigation Costs

The Federal Odometer Act, under which this case was brought, requires this Court to

"award costs and a reasonable attorney's fee to the person when a judgment is entered for that person." 49 U.S.C. §32710(b). In *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983), the United State Supreme Court endorsed the "lodestar formula" for use by federal courts as a starting point in calculating awards of attorneys' fees: "a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Furthermore, in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), the Fourth Circuit Court of Appeals stated that District Courts must consider the twelve factors specified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), when calculating the amount of attorneys' fees to award. In *Barber*, the Fourth Circuit stated:

> We agree that these factors must be considered by district courts in this circuit in arriving at a determination of reasonable attorneys' fees in any case where such determination is necessary; and in order to make review by us effective, we hold that any award must be accompanied by detailed findings of fact with regard to the factors considered. . . . These include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Id.*

In support of her claims for attorneys' fees and court costs, the plaintiff has submitted evidence in the form of an affidavit and has also submitted a list of precedent wherein attorneys' fees have been awarded. In her submissions, the plaintiff claims 6.0 hours expended on the prosecution of the case and claims an hourly rate of $225.00 per hour. Applying the lodestar formula (6.0 hours multiplied by an hourly rate of $225.00), the claim for attorneys' fees amounts to $1,350.00. Plaintiff has also detailed the various items of costs incurred which

amount to $239.37.

I find that the rate of compensation requested by the Plaintiff is reasonable based on precedent from this Court, the experience of the Plaintiff's attorney, and the time the Plaintiff's attorney dedicated to the issues involved in this case.

More than five years ago, this Court awarded attorneys' fees of $200 per hour to a Plaintiff seeking recovery of litigation expenses. *Polk v. Crown Auto, Inc.* C. A. No. 4:99CV00011. In *Polk*, attorneys' fees were sought pursuant to the federal Truth in Lending Act. 15 U.S.C. §1640(a)(3). In awarding the fees, Judge Moon held that an hourly rate of $200.00 per hour was a reasonable rate for an attorney with extensive experience in litigation involving the federal Truth in Lending Act. *Id*. In this case I find that an attorney's fee of $225.00 per hour is reasonable based on the precedent from four years ago that established the reasonableness of a $200.00 per hour fee.

This case before me was originally brought under the Federal Odometer Act. 49 U.S.C. §32701. Based on the Plaintiff's *Declaration in Support of Request for Attorney's Fees* ("*Declaration*") in this case, I find that the Plaintiff's attorney is experienced in representing clients in this type of litigation. In her *Declaration*, the Plaintiff lists at least twenty-nine cases involving the Federal Odometer Act in which her attorney participated.

The bulk of the time spent by the Plaintiff's attorney in this case was devoted to drafting the original *Complaint* and completing research for the Plaintiff's *Motion Seeking a Default Judgment*. I find that six hours is a reasonable time for an attorney to spend completing these two tasks.

Finally, I find the Plaintiff's request for an award of $239.37 for recoupment of expenses

incurred in prosecuting this suit to be reasonable.  Payment of filing fees, service fees, photocopy expenses, and postage expenses for which the Plaintiff seeks reimbursement are all expenditures reasonably made while litigating a case.  Furthermore, such expenditures are the type of "costs" for which the Federal Odometer Act requires reimbursement. 49 U.S.C. §32710(b).

### III.  CONCLUSION

Based upon the above rationale, I find that the Plaintiff is entitled to attorney's fees of $1,350.00 (6.0 hours times $225 per hour) and costs of $239.37 for a total of $1,589.37.   An appropriate Order will be entered.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 26th day of August, 2005.

s/Jackson L. Kiser
Senior United States District Judge